IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GERALDINE ROBINSON,

        Plaintiff,

v.

CENTRAL MORTGAGE COMPANY and
ELLIS PAINTER RATTERREE & ADAMS
LLP,

        Defendants.

CIVIL ACTION NO.

1:11-cv-03692-JEC

## ORDER & OPINION

This case is before the Court on defendant's Motion to Dismiss [13], plaintiff's Motion to File an Amended Complaint [16], defendant's Motion for Leave to File a Supplemental Brief in Support of Judgment on the Pleadings [21], and defendant's Motion for Leave to File a Second Supplemental Brief in Support of Judgment on the Pleadings [22]. The Court has reviewed the record, and for the reasons elaborated herein, **DENIES without prejudice** defendant's Motion to Dismiss [13], **DENIES without prejudice** plaintiff's Motion to File an Amended Complaint [16], **GRANTS** defendant's Motion for Leave to File a Supplemental Brief in Support of Judgment on the Pleadings [21], and **GRANTS** defendant's Motion for Leave to File a Second Supplemental Brief in Support of Judgment on the Pleadings

[22].

## BACKGROUND

On May 14, 2003, plaintiff Geraldine Robinson ("plaintiff") obtained a $252,000.00 loan from Taylor, Bean & Whitaker ("TBW"), memorialized with a promissory note (the "Note") made payable to TBW and secured by a security deed (the "Security Deed") transferring legal title to real property (the "Property") identified as 882 Winfield Avenue SE, Atlanta, Georgia 30316. (Pl.'s Am. Compl. [16-1] at ¶¶ 4, 6-7.)  Since that time, defendant Central Mortgage Company ("defendant") seems to have come into possession of the Note and Security Deed.  (Mot. to Dismiss [13-2] at Ex. A and [13-3] at Ex. B.)

On October 19, 2010, Ellis, Painter, Ratterree & Adams LLP ("the Ellis law firm" or "EPRA"), a law firm representing defendant, sent plaintiff a letter advising her that her loan was in default, and that defendant required full and immediate payment of the loan or would commence foreclosure on December 7, 2010.  (EPRA Letter [13-5] at 2-3.)[1]  On June 29, 2011, the Ellis law firm again contacted plaintiff to notify her that it would be initiating non-judicial foreclosure of the Property on behalf of defendant.  (Pl.'s Compl. [1-2], Ex. 2 at 2.)

---

[1] Plaintiff also includes the Letter; however, she only submitted the first page.  (Pl.'s Am. Compl. [16-2], Ex. C at 5.)

In apparent response to these letters, plaintiff filed suit in the Superior Court of Dekalb County, Georgia, requesting declaratory relief and alleging wrongful attempted foreclosure, fraud and intentional misrepresentation, negligent misrepresentation, negligence, and gross negligence. (*See* Pl.'s Compl. [1-1].) Defendant removed to this Court, alleging jurisdiction on the basis of diversity of citizenship, as plaintiff is a Georgia citizen and defendant is an Arkansas corporation with its principle place of business in Arkansas. (Def.'s Notice of Removal [1] ¶¶ 4-7.) Defendant then moved to dismiss the complaint for failure to state a claim upon which relief may be granted. (*See* Def.'s Mot. to Dismiss [13].)

Plaintiff then filed a motion to amend her complaint. (*See* Pl.'s Mot. to Am. [16].)  The amended complaint adds causes of action for slander of title and seeks injunctive relief. (Pl.'s Am. Compl. [16-1] at ¶¶ 64-80.)  It further seeks to add the Ellis law firm as a new defendant, naming it in a claim under 15 U.S.C. § 1692, the "Fair Debt Collection Practices Act" ("FDCPA").  (*Id.* at ¶¶ 58-63.) Defendant and the Ellis law firm filed responses in opposition to the Court permitting plaintiff to amend her complaint. (*See* Resp. [18, 19].)  Finally, in the wake of recent Georgia Supreme Court and Court of Appeals decisions relating to Georgia mortgage foreclosure law, defendant filed two motions for leave to file supplemental briefs

3

relating to those decisions.  (*See* Mot. to File Supplemental Br. [21, 22].)

### **DISCUSSION**

I.   **PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff has filed a motion to amend her complaint [16], along with the text of her amended complaint [16-1].  Defendant opposes permitting plaintiff to file her amended complaint on the grounds that the amendments are prejudicial, in that it would require defendant to refile essentially the same motion to dismiss, futile, in that they add nothing that the current motion to dismiss does not address; and potentially destructive of this Court's jurisdiction, in that the Ellis law firm is a non-diverse party.  (Def.'s Resp. [18] at 4-6.)

At this point in the proceedings, plaintiff is no longer entitled to amend her pleading as a matter of course. FED. R. CIV. P. 15(a)(1).  However, the Rules indicate that a party may otherwise amend with leave of the court, and that "[t]he court should freely give leave when justice so requires."  *Id.* at (a)(2).  "[U]nless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."  *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).  The Supreme Court has provided guidance on when the district court should give leave to amend:

4

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006).  At this juncture, the Court cannot say that the amendments to the complaint add undue delay to this Court's work or that they seem to be based on bad faith or dilatory motive.  This is the first such amendment sought from the Court, so there are no repeated failures to cure deficiencies by amendment.

Whether the proposed amendment is futile is not yet clear. Further, whether it is appropriate to deny plaintiff leave to amend on the grounds that the amendments would undermine this Court's jurisdiction is a more complicated question. When defendant removed this case to this Court, federal jurisdiction was premised on diversity of citizenship, as provided under 28 U.S.C. § 1332. (Notice of Removal [1] at ¶¶ 4-11.)  Plaintiff's amended complaint, however, attempts to add a new defendant, the Ellis law firm. (Pl.'s Am. Compl. [16-1] at ¶ 3.)  Plaintiff's amended complaint continues to maintain that this Court's jurisdiction is proper under diversity

5

of citizenship.  (*Id.* at ¶ 5.)  Plaintiff, however, fails to allege the citizenship of the law firm.  (*Id.* at ¶ 3.)  Moreover, it appears from the record that the Ellis law firm is, like plaintiff, a citizen of Georgia.[2]

Plaintiff's allegation of jurisdiction is thus defective.  Were the Court to accept the amended complaint as written, it would be in violation of one of the basic limitations on federal jurisdiction.  However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  *See also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830-32 (1989).  The Court should thus permit plaintiff the opportunity to re-allege the jurisdictional basis for her amended complaint or revise her complaint in such a way so that jurisdiction is proper.[3]

Thus, this Court finds it appropriate to **DENY without prejudice** plaintiff's Motion for Leave to File an Amended Complaint [16].

---

[2] Defendant and (by incorporation) the Ellis law firm contend that the latter is a citizen of Georgia.  (Resp. [18] at 6 n.4.) EPRA's letterhead identifies it as based in Savannah, Georgia.  (*See* Letter [13-5] at 2.)

[3] Plaintiff seems to have a number of options.  She could allege facts to establish that the law firm is not a resident of Georgia, which would seem to be an impossible feat.  She could amend the complaint to drop the claim against the law firm, keeping only the amended claims against defendant.  She could also assert a jurisdictional basis other than diversity of citizenship.  Because plaintiff has these options, it seems inappropriate for the Court to *sua sponte* declare jurisdiction on grounds other than diversity.

## II. DEFENDANT'S MOTION TO DISMISS

### A. Motion to Dismiss Standard

In deciding a motion to dismiss under Federal Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le]" when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B. Defendant's Motion to Dismiss

Defendant's Motion to Dismiss [13-1] and accompanying exhibits provide no evidence that plaintiff is in default on her loan. Defendant states that "[a]t some point prior to October 19, 2010, Plaintiff defaulted on the Loan." (Mot. to Dismiss [13-1] at p. 3.)

7

In support, defendant cites to paragraphs of plaintiff's original complaint that nowhere unambiguously admit default. (*See* Pl.'s Compl. [1-1] at ¶¶ 28-29.)  There, plaintiff does admit that she "was induced into default" and that defendant "clearly manufactured said default." (*Id.*)  However, in the next paragraph, plaintiff states that defendant's "statement that Plaintiff defaulted in payment of the indebtedness was . . . completely disingenuous and false." (*Id.* at ¶ 30.)  The Court finds the cited paragraphs of plaintiff's complaint insufficient as an admission of fact, especially since that fact is central to this case.  The only other evidence that seems to support defendant's contention that plaintiff is in default is the letter, dated October 19, 2010, from the Ellis law firm to plaintiff notifying her of her default.  This too is inadequate to establish that plaintiff is actually in default on the loan.

Thus, there seems to be an alleged fact (*i.e.*, that plaintiff is not in default) that, taken as true, would potentially entitle plaintiff to relief.  For that reason, this Court must **DENY without prejudice** defendant's motion to dismiss.

### CONCLUSION

Based on the foregoing discussion, the Court **DENIES without prejudice** defendant's Motion to Dismiss [13], **DENIES without prejudice** plaintiff's Motion to Amend the Complaint [16], **GRANTS**

AO 72A
(Rev.8/82)

defendant's Motion for Leave to File Supplemental Brief in Support of Judgment on the Pleadings [21], and **GRANTS** defendant's Motion for Leave to File Second Supplemental Brief in Support of Judgment on the Pleadings [22].

Further, the Court instructs the plaintiff to submit, if she wishes, a second amended complaint, with jurisdiction properly alleged, within fourteen (14) days.  As the fact of whether plaintiff is in default is central to adjudicating the merits of her claims, that fact should be clearly alleged in the complaint.  Following that, if defendant wishes to submit a renewed motion to dismiss, the Court orders this to be submitted within fourteen (14) days.

SO ORDERED, this 29th day of September, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)